UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

FRANTZ SIMEON, *et al.*,

                Defendants.
---------------------------------------------------------------X

**MEMORANDUM DECISION**
21-CV-5266 (ARR) (JMW)

**WICKS,** Magistrate Judge:

      Plaintiff, the Securities and Exchange Commission ("SEC") commenced this action alleging that Defendants Frantz Simeon and First Black Enterprises, Inc. violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 CF.R. § 240.10b-5. (DE 1.) In light of the pendency of a parallel criminal proceeding concerning the same alleged conduct, *United States v. Franz Simeon*, 21-CR-479 (BMC), the United States Attorney's Office for the Eastern District of New York (the "Government") has filed the present motion to intervene for the sole purpose of staying this action pending the outcome of the criminal proceeding. (DE 8.) According to the Government, the SEC does not oppose the issuance of a stay, and Defendants—who have yet to appear in this matter—take no position on the Government's present motion. (*Id.* at 2.) On November 22, 2021, the Court granted the motions to intervene and stay the proceedings, with written decision to follow. (*See* Electronic Order dated Nov. 22, 2021.)

## DISCUSSION

### *May I Intervene?*

      Under Federal Rule of Civil Procedure 24, a party may intervene in a civil case either as a matter of right or on a permissive basis. Fed. R. Civ. P. 24. Intervention is appropriate as matter of right if the party seeking to intervene

> [c]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

>the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see Griffin v. Sheeran*, 767 F. App'x 129, 132 (2d Cir. 2019) ("To intervene as of right under Federal Rule of Civil Procedure 24(a)(2), 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'") (quotation omitted) (summary order).

The Court concludes that the Government's intervention as of right under Rule 24(a)(2) is appropriate in this case. *First*, the SEC filed its complaint on September 22, 2021 (DE 1), and the government moved timely to intervene on November 8, 2021, just over a month later (DE 8). *See Sec. & Exch. Comm'n v. Sterritt*, 21-CV-2008 (KAM) (PK), 2021 WL 2184942, at *2 (E.D.N.Y. May 28, 2021) (finding that the Government's motion to intervene filed "just over a month" after the SEC filed its complaint was timely); *Sec. & Exch. Comm'n v. Shkreli*, No. 15-cv-7175 (KAM) (RML), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (same). *Second*, the Government has proffered a legitimate interest in this action, namely, preventing discovery in this case from being used to circumvent the more limited scope of discovery in the criminal proceeding. (DE 8 at 7; *see Sterritt*, 2021 WL 2184942, at *2.) *Third*, "further proceedings in this action would likely impair the government's interest in the criminal case in limiting the defendants to the discovery available under the Federal Rules of Criminal Procedure." *Sterritt*, 2021 WL 2184942, at *2. *Lastly*, while the interests of the SEC and the Government undoubtedly overlap, the Government has a unique interest in enforcing criminal statutes, "which is qualitatively different from the SEC's interest." *S.E.C. v. Downe*, No. 92-cv-4092, 1993 WL 22126, at *12 (S.D.N.Y. Jan. 26, 1993); *see Sterritt*, 2021 WL 2184942, at *2. As such, intervention as of right is appropriate here. The Court therefore need not address whether permissive intervention is also appropriate. For these reasons, the Government's motion to intervene is GRANTED.

### *And Please Stay the Case*

The Court next turns to the Government's application for a stay of this action pending the outcome of the criminal proceedings. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Exercising that inherent power, federal courts 'have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense.'" *Sterritt*, 2021 WL 2184942, at *3 (citation omitted). The party seeking the stay shoulders the burden of establishing its need. *Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC,* No. 16-cv-6848 (DLI)(VMS), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) (citation omitted).

A six-factor test is utilized in this Circuit when considering whether to stay civil proceedings pending the outcome of a party's criminal case. Courts ordinarily consider

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). Not one factor is dispositive, and the appropriateness of the stay ultimately rests within the sound discretion of the district court. *Sterritt*, 2021 WL 2184942, at *4. With these principles in mind, the Court addresses each factor in turn.

***Overlap of Issues:*** The first factor concerns the overlap of issues between the civil and criminal cases. Courts have repeatedly held that this is a particularly potent factor. *See Harris v. Nassau Cnty.*, No. 13-cv-4728, 2014 WL 3491286, at *3 (E.D.N.Y. July 11, 2014) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."); *In re 650 Fifth Ave.*, No. 08-CV-10934, 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011); *Stamile v. Cnty. of Nassau*, No. 10-CV-2632, 2011 WL 1754125, at *4 (E.D.N.Y. Jan. 31, 2011). This is because, in the face of significant overlap, there

3

is a greater concern about a defendant's self-incrimination. *Sterritt*, 2021 WL 2184942, at *4. Conversely, the absence of overlap signals that no danger of self-incrimination exists, rendering any stay unnecessary. *Id.* A review of the criminal indictment and the civil complaint makes clear that the alleged wrongdoing in both cases—namely, Defendants' alleged securities fraud scheme—overlap dramatically. (*Compare* DE 1 *with United States v. Franz Simeon*, 21-CR-479 (BMC), DE 1.) Thus, this factor weighs strongly in favor of the imposition of a stay.

      <u>**The Status of the Case:**</u>  Courts next consider the status of the parallel criminal proceeding. In situations where a party is under criminal indictment, a stay of the parallel civil case is generally appropriate. *Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) (citation omitted); *see In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment."). "On the other hand, if no indictment has been returned and no known investigation is underway, the case for a stay of discovery, no matter at whose instance, is far weaker." *Sterritt*, 2021 WL 2184942, at *4 (internal quotation marks and citation omitted). Here, because Defendants have been indicted (*see United States v. Franz Simeon*, 21-CR-479 (BMC), DE 1), this factor weighs in favor of the stay.

      <u>**The SEC's Interest:**</u> The third factor balances the interests of the plaintiff in having a speedy resolution of the civil case against the prejudice to plaintiff that would be caused by the delay of the stay. As noted above, the SEC does not oppose the Government's requested stay. (DE 8 at 2.) Given that the SEC "has not articulated an interest or indicated that it would be prejudiced, this factor has no bearing on the [C]ourt's analysis." *Sterritt*, 2021 WL 2184942, at *5 (citing *S.E.C. v. Treadway*, No. 04-cv-3464, 2005 WL 713826, at *2–3 (S.D.N.Y. Mar. 30, 2005); *S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11-cv-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012)). Thus, this factor is neutral, and weighs neither for nor against the imposition of a stay.

      <u>**The Defendants' Interest:**</u>  The fourth factor entails considering the possible prejudice to the Defendants should the stay be imposed. Similar to the SEC, Defendants take no position regarding the

4

Government's application for a stay of the civil case. (DE 8 at 2.) Even in cases, such as here, where defendants do not oppose a stay of proceedings, courts nonetheless note that defendants are inherently prejudiced in being denied an "expeditious resolution" of their civil case. *See Sterritt*, 2021 WL 2184942, at *5 (noting, when discussing defendant's interests and burdens related to the possible stay, that a "defendant may be prejudiced if he is denied 'an expeditious resolution' of his civil case"). That said, the Government correctly contends that a stay in this matter may well benefit Defendants by "streamlin[ing] discovery for the SEC and any [D]efendants who remain in the [c]ivil [c]ase after the conclusion of the criminal proceedings. (DE 8 at 12 (citing *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1011 (E.D.N.Y. 1992)).) With these competing interests in mind, the Court concludes that the fourth factor weighs neither in favor nor against the imposition of a stay.

*The Court's Interest:* The interest of the Court is the fifth factor to consider in determining whether a stay is warranted. Courts generally have an interest in staying civil cases pending the resolution of parallel criminal cases because "[a] stay of the civil action while the criminal case moves forward would avoid a duplication of efforts and a waste of judicial time and resources." *Shkreli*, 2016 WL 1122029, at *6 (internal quotation marks omitted); *see Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 622 (S.D.N.Y. 2020) ("Staying this [civil] action could streamline the proceedings, since upon culmination of the criminal case, collateral estoppel could prevent re-litigation of issues adjudicated in the criminal matter."); *Sec. & Exch. Comm'n v. Contorinis*, No. 09-cv-1043 (RJS), 2012 WL 512626, at *2 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."). This, of course, is because evidence gathered and employed during the criminal case may then be used in the civil matter. *Sterritt*, 2021 WL 2184942, at *6. Accordingly, the Court's interest weighs in favor of the issuance of a stay.

*Public Interest:* The final factor to consider is the public interest. "Where the [G]overnment and the SEC proceed in parallel actions, it can be difficult to discern whether the public has a stronger interest in the criminal or the civil litigation." *Id.* That said, courts have consistently concluded that, on balance,

5

the public's interest in the effective enforcement of criminal law trumps its interest in seeing the civil litigation move forward. *See, e.g.*, *id.* ("Ultimately, the court concludes that the public's interest in the effective enforcement of the criminal law is the paramount public concern."); *Sec. & Exch. Comm'n v. McGinnis*, 161 F. Supp. 3d 318, 324 (D. Vt. 2016) (noting that "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant") (internal quotation marks and citation omitted). The Court sees no reason to stray from this principle. As such, the final factor weighs in favor of the stay.

* * *

On balance, the relevant factors weigh greatly in favor of the imposition of a stay in this matter. The Government's motion for a stay of the present civil suit pending the outcome of the parallel criminal proceeding is therefore GRANTED.

## CONCLUSION

For the foregoing reasons, the Government's motions to intervene and for a stay are both GRANTED. This action is stayed pending the resolution of *United States v. Franz Simeon*, 21-CR-479 (BMC). The government is directed to file a status report apprising the Court of the status of the criminal proceedings on February 1, 2022 or when the criminal proceedings have concluded, whichever is sooner.

Dated: Central Islip, New York
November 23, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

6